Emmett Wayne Laidlaw v. Commissioner.
Laidlaw v. Commissioner
Docket No. 4968-68.
United States Tax Court
T.C. Memo 1970-168; 1970 Tax Ct. Memo LEXIS 187; 29 T.C.M. (CCH) 743; T.C.M. (RIA) 70168; June 23, 1970, Filed Emmett Wayne Laidlaw, pro se, 3016 W. Fourth St., Los Angeles,Calif.Michael J. Christianson, for the respondent. SCOTT Memorandum Findings of Fact and Opinion SCOTT, Judge: Respondent determined a deficiency in petitioner's income tax for the calendar year 1966 in the amount of $264. The only issue for decision is whether petitioner is entitled to a deduction for a dependency exemption for each of his two daughters.
*188 Findings of Fact Some of the facts have been stipulated and are found accordingly. Petitioner, an individual who resided in Los Angeles, California at the time he filed his petition in this case, filed his Federal income tax return for the calendar year 1966 with the district director of internal revenue at Los Angeles, California. Petitioner was previously married to Maxine W. Laidlaw (now Maxine W. Fine and hereinafter referred to as Maxine). Two daughters were born to petitioner and Maxine, Lynne on March 23, 1951, and Christy on February 13, 1953. On November 23, 1953, petitioner and Maxine were granted an interlocutory divorce, and on November 26, 1954, a final decree of divorce was entered. Custody of Lynne and Christy was granted to Maxine with provision for visitation rights for petitioner. The decree also provided that petitioner pay $75 per month to Maxine for the support of each child. On March 31, 1955, the decree was modified as to custody and support of Lynne and Christy to provide that the children spend one month in the summer of each year with petitioner and that petitioner would not be required to pay to Maxine the $150 for their support for that month. *189 The order modifying the decree recited that Maxine and the children were then living in New Mexico so that it was not practical for petitioner to exercise the rights of visitation granted him by the original decree. During 1966 Maxine was married to Allan Fine and during that entire year except for the month during which they visited petitioner, Lynne and Christy resided with Maxine and Allan Fine in their home in Albuquerque, New Mexico. During the year 1966 petitioner paid to Maxine $825 for the support of Lynne and $825 for the support of Christy. Lynne and Christy spent the month of July 1966 with petitioner. During this month petitioner took them on a vacation trip and spent funds for their entertainment and food. Petitioner spent a total of $229 for Lynne and $191 for Christy during July 1966. 744 During the year 1966 petitioner spent $25 for presents and $73 for hospital insurance for each Lynne and Christy. The total support for Lynne and Christy paid by petitioner in 1966 was $1,152 and $1,114, respectively. During the year 1966, Lynne and Christy each had one of the four bedrooms in the home in which they lived with Maxine and Allan Fine. Nancy Fine, the 5-year-old *190 daughter of Maxine and Allan Fine, also lived in the home and had one of the bedrooms. In addition to the four bedrooms, the house had a living room, family room, and kitchen. The fair rental value of the house, furnished, was at least $300 a month. During the year 1966 Maxine and Allan Fine spent approximately $600 for food and restaurant meals aside from school lunches for each Lynne and Christy. They spent $197.71 for medical expenses for Lynne and $185.15 for medical expenses for Christy. Maxine and Allan Fine spent $325 for clothes for Lynne and $270 for clothes for Christy and $222 for education for Lynne and $204 for education for Christy. Included in the expenditures for education are amounts spent for school lunches and the cost of a boarding summer music camp for each girl. Maxine and Allan Fine gave Lynne and Christy each an allowance of $85 during 1966 and spent $120 for Christmas and birthday presents for Lynne and $105 for Christmas and birthday presents for Christy. The total cost of support including lodging furnished by Maxine and Allan Fine to Lynne during 1966 was at least $2,269.71 and for Christy was at least $2,169.15 of which $825 for each child was received *191 from petitioner. The total cost of Lynne's support during 1966 including that furnished by petitioner was at least $2,596.71 and the total cost of Christy's support for 1966 including that furnished by petitioner was at least $2,458.15. Petitioner claimed a deduction for a dependency credit exemption for Lynne and for Christy. Respondent in his notice of deficiency disallowed these claimed deductions. Ultimate Fact Petitioner did not furnish over one-half of the support of either Lynne or Christy during the year 1966. Opinion The issue here is purely factual. From our findings it is apparent that petitioner did not furnish over one-half of the support for either Lynne or Christy in 1966 and therefore is not entitled to the deduction for the dependency credit exemption provided in section 151(e), I.R.C. 1954 since neither child is his "dependent" as defined in section 152(a)(1), I.R.C. 1954. [1]
*192 Petitioner recognizes that the evidence shows that he did not contribute over half of the support of either Lynne or Christy. He contends that the amount he paid toward the support of each child is more than half of the average cost of the support of a child of a family living in an urban area in a western state with a family income of between $10,000 and $15,000 a year as shown by statistics compiled by the United States Department of Labor. Petitioner argues that if Maxine and Allan Fine spent the amount in supporting Lynne and Christy which the evidence shows they spent in 1966, the total expenditures should not be considered as support since it is above the average expenditure to support a child in the area in which they lived. We do not agree with petitioner's contention. Accepting the figures petitioner produced as the "average" cost of support of a child, it is apparent that the "average" is composed of high and low costs and does not show the cost of support of any particular child. The evidence in this case does show the cost of the support of Lynne and Christy and that it was over twice the amount contributed by petitioner toward their support. Decision will be entered *193 for respondent. 745 Footnotes
1. Sec. 152(a)(1), I.R.C. 1954 provides: (a) General Definition. - For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer): (1) A son or daughter of the taxpayer, or a descendant of either. * * *↩